**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 21, 2016

LETTER TO COUNSEL

RE:  Tammy Johnson *v. Commissioner, Social Security Administration*;
Civil No. SAG-16-67

Dear Counsel:

On January 8, 2016, Plaintiff Tammy Johnson petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Johnson's reply. (ECF Nos. 15, 20, 21). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Johnson filed her claims in December, 2011, alleging a disability onset date of October 28, 2011 (Tr. 213-21). Her claims were denied initially and on reconsideration. (Tr. 137-41, 144-47). A hearing was held on June 18, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 28-68). Following the hearing, the ALJ determined that Ms. Johnson was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 7-27). The Appeals Council ("AC") denied Ms. Johnson's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Johnson suffered from the severe impairments of "degenerative disc disease, osteoarthritis in the right hip and knee, seizure disorder, migraine headaches, depressive disorder, and anxiety disorder." (Tr. 12). Despite these impairments, the ALJ determined that Ms. Johnson retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except that she can never climb ropes, ladders, or scaffolds, or be exposed to hazards, such as moving machinery and unprotected heights. She cannot work at a production rate pace, as you would typically find on an assembly line or in piecework. Changes in routine should not occur more frequently than once every 2 [sic], on the average, and she should be given a few extra minutes of supervision at those times of change. She is limited to no more than occasional and superficial

>      interaction with coworkers and the public. She will need a brief break of approximately 15 minutes every 2 hours and may need occasional prompting to remain on task. Due to her impairments, she will likely be off task up to 5 percent of the workday.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined alternatively that Ms. Johnson could perform work existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 20).

Ms. Johnson raises three primary arguments on appeal. First, she argues that the ALJ failed to order a consultative psychological evaluation. Second, she contends that the ALJ erred in the evaluation of the opinions from two consultative psychiatric examiners. Finally, she argues that the ALJ did not include all relevant mental impairments in the hypothetical posed to the VE. Although the other arguments lack merit, I agree that the ALJ provided inadequate analysis of the opinions of the consultative examiners. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Johnson is not entitled to benefits is correct or incorrect.

Beginning with the unsuccessful arguments, initially, I disagree with the proposition that the ALJ failed to send Ms. Johnson for a consultative psychological evaluation. The ALJ scheduled an examination with Charles N. Zeitler III, Psy.D., a licensed psychologist, who wrote a report entitled "Psychological Evaluation." (Tr. 832-39). Although Ms. Johnson contends that additional testing should have been run, it is not the role of this Court to advise doctors on what tests must be performed. Thus, I find no error in the referral of this case to Dr. Zeitler or in the methods he used to conduct the psychological evaluation.

With respect to the hypothetical, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Likewise, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). The question here, then, is not the sufficiency of the hypothetical but the analysis of the evidence leading to the RFC assessment.

The ALJ did not provide substantial evidence to support the RFC assessment as it relates to Ms. Johnson's mental impairments. Specifically, the error lies in the evaluation of the opinions from the two psychological consultative examiners and the one neurological examiner. As the ALJ described, the first examiner, Dr. Merrion, performed a mini-mental status examination and concluded that Ms. Johnson had "moderately impaired cognition" and was in the range of "borderline to mildly mentally retarded." (Tr. 495). Dr. Merrion attributed the impairment to dementia. *Id.* The other psychological examiner, Dr. Zeitler, also administered a Mini-Mental State Examination test (MMSE-2) and found that Ms. Johnson "appeared to give great effort during the MMSE-2 and was distressed at her poor performance." (Tr. 836). Dr. Zeitler concluded that Ms. Johnson had "profound memory difficulties and/or cognitive

*Tammy Lynn Johnson v. Commissioner, Social Security Administration*
Civil No. SAG-16-67
November 21, 2016
Page 3

functioning problems related to her seizure disorder." (Tr. 837). He further opined that she would be unable to handle her own finances, including benefit payments, "due chiefly to her global cognitive impairment." (Tr. 838). Finally, the neurological examiner, Dr. Tuwiner, opined that Ms. Johnson "does not have dementia" and that "[h]er symptoms are psychiatric in etiology." (Tr. 829-30).

The ALJ assigned "limited weight" to the opinion of Dr. Merrion on the grounds that (1) "she provided no diagnostic testing to establish dementia," and (2) "the opinion is too reliant on the claimant's subjective complaints." (Tr. 19). The ALJ assigned "little weight" to Dr. Zeitler's opinion, contending (1) "he too relies too heavily on the claimant's subjective complaints," and (2) "the clinical evaluations do not establish the presence of a cognitive impairment secondary to her seizures." *Id.* Finally, the ALJ assigned "substantial weight" to the assessment rendered by Dr. Tuwiner "as he most accurately assesses her lack of cognitive impairment or dementia[.]" *Id.*

The ALJ's assessment is inherently flawed. First, the opinions from Dr. Merrion and Dr. Zeitler relied in large part on Ms. Johnson's performance on mini-mental status examinations, not just on subjective complaints. Both physicians found significant cognitive impairments. Second, Dr. Tuwiner in no way assessed a "lack of cognitive impairment." (Tr. 19). Dr. Tuwiner did emphatically disagree with the diagnosis of dementia, but did not otherwise opine as to whether or not Ms. Johnson suffered from cognitive impairments. (Tr. 827-30). The ALJ cites to no other evidence undermining the conclusion reached by both Dr. Merrion and Dr. Zeitler. In light of the examination findings of two separate consultative examiners, the ALJ is required to determine whether or not Ms. Johnson suffers from a severe cognitive impairment. The ALJ should then provide sufficient evidence in support of that determination to allow effective appellate review.

For the reasons set forth herein, Ms. Johnson's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 20) is DENIED. The Commissioner's judgment is REVERSED IN PART and REMANDED for further explanation pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge